UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 15-022-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT PORTER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Robert Porter has moved the Court to exclude certain proposed evidence that the United States seeks to offer during trial pursuant to Rule 404(b) of the Federal Rules of Evidence. [Record No. 70]. As explained below, the motion will be denied because the subject evidence is inextricably intertwined with the charged offense and, therefore, falls outside the scope of Rule 404(b).

I.

Porter was the elected Mayor of Paintsville, Kentucky, during the relevant time period. He is charged with theft concerning programs receiving federal funds in violation of 18 U.S.C. § 666. [Record No. 40] The Superseding Indictment alleges that Porter caused city funds to be used for his personal expenses including maintenance, repairs, and parts for his personal vehicles, fees for shipping personal packages, and gasoline used during personal trips. *Id.* p. 3.

Through mid-2012, Larry Herald was the General Manager of the Paintsville Utilities Commission ("Paintsville Utilities"). Paintsville Utilities was controlled by a governing body

appointed by Porter. *Id.* pp. 3, 1. It provided water, sewer, and gas services to area residents on a monthly fee basis. *Id.* p. 3. According to the United States, it was Paintsville Utilities' standard practice to terminate service to any customer who did not pay within a specific number of days after billing. *Id.* p. 4. The Superseding Indictment alleges that between late 2009 and mid-2012, Porter, with Herald's assistance, did not pay for utilities usage on two residences he owned in Paintsville. *Id.* The government further contends that, on one occasion, Porter's utility bill accrued to over $7,000.00 before the delinquency was discovered by the public, the City Council, and the Utilities Commission. *Id.*

Counts 1 and 2 of the Superseding Indictment allege violations of 18 U.S.C. § 666(a)(1)(A) based largely on Porter's failure to pay the Utilities Commission for his utility services for calendar years 2010 and 2011. Section § 666 provides, in part:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists—
>
>   (1) being an agent of an organization, or of a State, local or Indian tribal government, or any agency thereof—
>
>     (A) embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that—
>
>       (i) is valued at $5,000 or more, and
>
>       (ii) is owned by, or is under the care, custody, or control of such organization, government or agency. . . .
>
> (b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

In *United States v. Valentine*, 63 F.3d 459, 464 (6th Cir. 1995), the Sixth Circuit clarified that, to establish a violation of § 666, the government must prove that the $5,000 theft

occurred within a one-year period. In the present case, the charges are limited to the calendar years 2010 (Count 1) and 2011 (Count 2). On March 30, 2016, however, the government filed a Notice of Intent pursuant to Federal Rule of Evidence 404(b), stating that it intends to present evidence of Porter's failure to pay for utilities during other years. [Record No. 58] Specifically, it intends to offer evidence that Porter did not pay the Utilities Commission for his utility bills for several months in 2007, 2008, 2009, and 2012. [Record No. 72] The government concedes that "some of the earlier years were lost to the statute of limitations," but argues that the evidence is admissible to prove Porter's intent and that his conduct was part of a common scheme. [Record No. 72, pp. 3–4] Alternatively, the government contends that the proof is contextual background information. *Id.* at p. 3. Porter objects to the introduction of the proposed evidence regarding these other years. [Record No. 70]

## II.

### A.     Background Evidence

Courts have recognized the admissibility of *res gestae*, or background evidence that is inextricably intertwined with the charged offense. *United States v. Clay,* 667 F.3d 689, 697 (6th Cir. 2012). The Sixth Circuit has held that evidence constituting "a continuing pattern of illegal activity" is not considered an "other act" and, therefore, is not governed by Federal Rule of Evidence 404(b). The government is able to establish that there is a close temporal connection between the purported background evidence and the charged offenses because the uncharged conduct occurred in the years immediately surrounding the conduct charged in Counts 1 and 2. *See United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (explaining that proper background evidence has a causal, temporal, or spatial connection with the charged offense).

-3-

The United States has produced a spreadsheet, as well as correspondence from Paintsville Utilities to Porter, which purports to show his account delinquencies. [Record No. 72-1] These documents indicate that Porter often failed to pay for his utilities in 2007, 2008, 2009, and 2012, yet his service was never terminated. Additionally, it appears that the evidence the government seeks to introduce is necessary to complete the story regarding Counts 1 and 2. *See id.* Because the activity at issue is alleged to have begun in 2007, the evidence will aid the jury in understanding how the events unfolded, as well as the development of Porter's relationship with Herald. *See United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015). Accordingly, the evidence the United States seeks to introduce constitutes proper background evidence that may be used to explain the nature and extent of the charged offenses.

Because the United States may seek to offer the evidence under Rule 404(b), the Court will also examine its admissibility under that rule.

### B. Rule 404(b)

While evidence of prior acts are inadmissible to prove a person's character, prior acts are admissible for a variety of other purposes, such as proving motive, intent, preparation, or plan. *See* Fed. R. Evid. 404(b); *United States v. Vance*, 871 F.2d 572, 575 (6th Cir. 1989). To determine whether evidence is admissible under Rule 404(b), the Court engages in a three-step analysis. *United States v. Mack*, 729 F.3d 594, 601 (6th Cir. 2013). First, the Court must determine whether there is sufficient evidence that the other acts actually occurred. *Id.* Second, the Court determines whether the acts are being offered for an admissible purpose under Rule 404(b). *Id.* Finally, the Court must engage in Rule 403 balancing to determine

whether the probative value of the evidence is substantially outweighed by the risk of unfair prejudice. *Id.*

Based on the spreadsheets and correspondence from the Utilities Commission purporting to demonstrate Porter's delinquencies, the Court is satisfied that a jury could find that the other acts actually occurred. The government is not required to make this showing by a preponderance of this evidence. *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008). However, Porter does not dispute that the acts did occur or that the documents the government has produced are what they purport to be.

Under the second step of the analysis, the United States contends that the "other acts" evidence is admissible to prove Porter's intent with respect to Counts 1 and 2. Those counts charge that Porter intentionally misapplying city funds, which includes the unpaid utilities usage. [Record No. 40, pp. 5–6] In his motion *in limine*, Porter contends that he never intended to obtain free utility services unlawfully; rather, he simply did not pay his utility bills on time. [Record No. 70] Accordingly, Porter's intent is disputed, which opens the door to this evidence under Rule 404(b). *See United States v. Ring*, 513 F.2d 1001, 1007 (6th Cir. 1975).

Another permissible purpose under Rule 404(b) is to show the existence of a "common scheme." *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985). The government contends that the other acts evidence in the present case is admissible for this purpose, but fails to flesh out the argument or cite any supporting authority. The Sixth Circuit has explained that "something more than a repeated performance" of the same acts is required to show a scheme, plan, or design. *United States v. Joseph*, 270 F. App'x 399, 404 (6th Cir. 2008) (citing *United States v. Phillips*, 599 F.2d 134, 136 (6th Cir. 1979)). Accordingly, the government will not be permitted to present the evidence for this purpose.

The Court also concludes that the probative value of the proposed evidence is not substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The evidence poses little risk of prejudice because proof of a similar nature will likely be used to support Counts 1 and 2 directly. And if the evidence is offered to regarding intent under Rule 404(b), a limiting instruction (if requested) would cure any risk of prejudice.

Finally, the government asserts that "other, similar course of conduct evidence will be introduced as it relates to the use of city paid shipping, car maintenance, free use of a city car, and other misappropriations. The United States should not be limited to just evidence relating to the two years that are the units of prosecution." [Record No. 72, p. 3] As discussed above, other acts evidence may be admissible as *res gestae* or under Rule 404(b). However, such evidence may be inadmissible under Rule 403 if it is unduly prejudicial or needlessly cumulative. The denial of a motion *in limine* does not guarantee that evidence will be admitted—the Court will hear objections to such evidence as they arise during trial. *Gresh v. Waste Servs. Of Am., Inc.* 738 F.Supp.2d 702, 706 (E.D. Ky. 2010) (citations omitted). Accordingly, it is hereby

**ORDERED** that Porter's motion *in limine* [DE 70] is **DENIED.**

This 27th day of May, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge